UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAYARAM PATEL d/b/a AIRWAY MOTEL, A.G., and H.H.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:23-CV-04536-JPB |

## **ORDER**

This matter is before the Court on Dayaram Patel d/b/a Airway Motel, A.G. and H. H.'s (collectively, "Defendants") Motion to Stay [Doc. 19] and StarStone National Insurance Company's ("Plaintiff" or "StarStone") Motion for Extension of Time to Complete Discovery [Doc. 32]. This Court finds as follows:

## **PROCEDURAL HISTORY**

On October 5, 2023, Endurance American Specialty Insurance Company ("Endurance") filed a complaint for declaratory relief relating to two insurance policies it issued to Defendant Dayaram Patel. See [Doc. 1]. In the complaint, Endurance sought a declaration from this Court that under Patel's insurance policies with Endurance, Endurance was not obligated to defend or indemnify Patel in connection with a lawsuit brought against him by Defendants A.G. and H.

H. (the "Underlying Litigation").  Id. at 35.  On February 21, 2024, Defendants moved to stay the action, arguing that many of the issues presented by Endurance's complaint for declaratory relief "will be clarified or resolved" by resolution of the Underlying Litigation.  [Doc. 19, pp. 4–5].

On April 12, 2024, StarStone filed a Consent Motion to Intervene in the case, asserting that all parties agreed "that the disposition of any coverage issued by [Endurance] in this case could impact the policies issued by StarStone, which are umbrella liability insurance policies."  [Doc. 24, p. 1].  The Court granted StarStone's motion on April 17, 2024, [Doc. 25], and on April 29, 2024, StarStone filed its Intervenor Complaint for Declaratory Judgment, [Doc. 27].  In it, StarStone requests that this Court declare that StarStone's separate umbrella policies do not provide coverage for claims relating to the Underling Litigation. [Doc. 27, p. 22].

On May 22, 2024, StarStone moved for an extension of time to complete discovery, [Doc. 32], which Defendant Patel opposed, [Doc. 34].  On June 6, 2024, Endurance moved to dismiss with prejudice all claims it brought against Defendants.  [Doc. 35].  The Court granted Endurance's voluntary dismissal, making StarStone the only remaining plaintiff in the action.  [Doc. 36].

Defendants' Motion to Stay [Doc. 19] and Plaintiff's Motion to Extend Deadlines [Doc. 32] are now ripe for review.

## ANALYSIS

**1. Defendants' Motion to Stay**

As discussed above, Defendants filed their motion to stay this case based on Endurance's complaint for declaratory relief. See [Doc. 19]. In the brief supporting their motion to stay, Defendants discuss the specific claims brought by Endurance and the provisions of the insurance policies Endurance issued to Patel, arguing that resolution of the Underlying Litigation would aid the Court in determining Endurance's obligations under those specific policy provisions. See id. at 4–5, 8–9. However, Endurance has since voluntarily dismissed it claims against Defendants, and the application of Endurance's insurance policies is no longer before the Court. As such, Defendant's Motion to Stay [Doc. 19] is **DENIED AS MOOT**.

However, the Court acknowledges that Defendants may still contend—based on questions presented by *Starstone's* declaratory judgment complaint—that a stay is appropriate. Thus, the Court will afford Defendants the opportunity to file another motion to stay within twenty-one days of the date of entry of this Order.

**2. Plaintiff's Motion for Extension of Time**

Pursuant to the scheduling order this Court entered on March 1, 2024, this case was assigned to a four-month discovery track, and discovery is scheduled to close on June 12, 2024. See [Doc. 20]. In its Motion to Extend Deadlines,

Plaintiff seeks to extend the discovery period through and including August 12, 2024.  See [Doc. 32].  Plaintiff notes in its motion that it was not a party to the case at the time of the Scheduling Order or the Joint Preliminary Report and Discovery Plan.  Id. at 32.

Under Civil Local Rule 26.2, "[t]he Court may, in its discretion, shorten or lengthen the time for discovery."  And a district court may modify its scheduling order "for good cause" pursuant to Federal Rule of Civil Procedure 16(b)(4).  Here, upon review of Plaintiff's motion, the Court is satisfied that good cause exists to extend the discovery deadlines in this case.  Thus, Plaintiff's Motion to Extend Deadlines is **GRANTED**.  It is **HEREBY ORDERED** that the discovery period and deadline to complete discovery is extended through and including August 12, 2024, and the deadline for filing dispositive motions is extended through and including September 11, 2024.

## CONCLUSION

For the foregoing reasons Defendants' Motion to Stay [Doc. 19] is **DENIED AS MOOT**.  Plaintiff's Motion to Extend Deadlines [Doc. 32] is **GRANTED**.

**SO ORDERED** this 12th day of June, 2024.

_____
**J. P. BOULEE**
United States District Judge